Kirkpatrick, C. J.
In an action of trespass for breaking the close, and taking and carrying away the goods and chattels, if the jury find for the plaintiff, they must find the value of the goods; because no other action can be maintained afterwards, either for them or the value of them. They must, besides, add to the value of the goods the incidental damages, because the value is not always a compensation for the injury; as if one take from his neighbor the beasts of the plough in seed time, or the implements of husbandry in harvest, whereby he is prevented from sowing his seed or reaping his corn; it is obvious that the value of the thing taken is the smallest part of the injury.
When the trespass is once committed, and the goods taken, the party injured may stand upon his legal rights. He is not obliged to compromise, or to take back the goods upon restoration offered. His property having been wrested from him contrary to law, he has a right to abandon it, and look to the wrong doer for the value. When he has obtained a *106 verdict for that value, the property is changed, the trespasser has the goods, and he the price; and it is not in the power of the jury, by .their verdict, to change this course of the law; they can neither make, nor order the restoration of the goods.
So far as goes to this ground of the complaint, therefore; to wit: the value of the goods, the evidence of an offer to restore,' objected to at the trial, would be incompetent evidence, because it could neither increase nor diminish the value.
But inasmuch as the verdict must be entire, and inasmuch as the incidental damages may be greatly increased or diminished, nay, may I not rather say, must wholly depend upon the circumstances of the case, the offer of restoration, in all cases of this kind, must be received as competent evidence for the consideration of the jury. If, in the cases that I have put, the wrong doer were to offer to restore the beasts or the implements taken, *at some short time,, and before material 'injury could have happened, and the-other party were to refuse, though the jury must give the value of the thing taken, that being matter of property and of absolute value, and being transferred to the trespasser by the verdict, yet they would estimate but very lightly the incidental damages arising principally from the obstinacy of the plaintiff himself.
In this case, therefore, I think the offer of restoration- was rightly received in evidence; but still, that the verdict is founded upon mistaken principles. The jury are to find the' issue and assess the damages; but they must assess the entire damages; they cannot assess part, and say he may recover back the goods for the residue. Let the rule be made absolute.
For», J.
This is an action for taking and carrying away a store of goods, chiefly articles of grocery, without measure, weight, or count, estimated to be worth between five hun *107 drecl and a -thousand dollars, belonging to the plaintiff. The jury find the defendants guilty of the taking and carrying away, and assess the plaintiff's damages at $200; and inform the judge that the plaintiff is to have the goods. But a judgment, that the plaintiff recover the $200 damages, is-the utmost that can be rendered; it cannot be rendered for restitution of goods in this action; and that part of the verdict being void must remain unexecuted. The judgment will vest the right to the goods in the defendants, and take it away from the plaintiff, by giving him damages in lieu of the property. - In the case of Brown v. Watton, (Cro. Jac. 73.) it is clearly settled, that “ in trespass, after judgment, the property of the goods is changed, so as that they may not he seized again by the plaintiff.” In Adams v. Broughton (2 Str. 1078.) it is said, that- damages awarded to the plaintiff are in lieu of his property, and he can never afterward plead, that the goods are his. The defendants, as-wrong doers, will keep the goods if they please, (goods worth perhaps $800) on paying the $200, according to the verdict, as it now stands. This the jury never intended ; their intent was, the plaintiff should' have the damages and the goods both; an intent that cannot be executed. Therefore, I think, the verdict ought to be set aside, and a new trial granted,, without payment of costs.
New trial granted..